UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GERALD R. MOORE,

     Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.     Plaintiff, GERALD R. MOORE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, GC SERVICES LIMITED PARTNERSHIP, is a limited partnership and citizen of the State of Delaware with its principal place of business at 6330 Gulfton, Houston, Texas 77081.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following message on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

December 8, 2009
Hi, this message is for Gerald Moore. Gerald this is Chancy from GC Services, a debt collector. It's imperative that you do give me a call back as soon as possible. Ah, at 877-834-5679, extension 4164. It's very important again that you do get in contact with me at your earliest convenience; I'm available between 8 AM and 9 PM Eastern Standard Time. Again that telephone number is 877-834-5679, extension 4164. Thank you.

2

December 14, 2009 at 8:30 AM
Yes, this message is for Gerald Moore. Mr. Moore my name is Chancy
Cornegie.  It's very imperative that you do get in contact with me, ah,
between the hours of 8 AM and 9 PM Eastern Standard Time. Telephone
number is 877-834-5679, extension 4164. Again my name is Chancy
Cornegie from GC Services, a debt collector and I can be reached between
the hours of 8 AM and 9 PM Eastern Standard Time. Thank you.

December 22, 2009 at 8:43 AM
Yes, this message is for Gerald Moore. Mr. Moore my name is Chancy
Cornegie calling from GC Services. It is very imperative that you do return
my call at your earliest convenience at 877-834-5679, extension 4164.

December 29, 2009 at 10:53 AM
Yes, this message is for Gerald Moore. Ah, Mr. Moore my name is Chancy
Cornegie calling from GC Services, a debt collection agency. It is very
imperative that you do return my call between the hours of 8 AM and 9 PM
Eastern Standard Time. My telephone number is 877-834-5679, extension
4164. Thank you.

January 5, 2010 at 12:17 PM
Gerald Moore. Mr. Moore my name is Chancy Cornegie calling from GC
Services, a debt collection agency. It's very imperative that you do return
my call as soon as possible between the hours of 8 AM and 9 PM Eastern
Standard Time. My telephone number is 877-834-5679, extension 4164.
Thank you.

January 12, 2010 at 11:49 AM
Yes, this message is for Gerald Moore.  My name is Chancy Cornegie
calling from GC Services, a debt collection agency. It is very imperative that
you do return my call between the hours of 8 AM and 9 PM Eastern
Standard Time. My telephone number is 877-834-5679, extension 4164.
Thank you.

January 19, 2010 at 11:27 AM
Yes, this message is for Gerald Moore, my name is Chancy Cornegie calling
from GC Services.  It is imperative that you do return my call between the
hours of 8 AM and 9 PM Eastern Standard Time. My telephone number is
877-834-5679, extension 4164. Thank you.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See _Berg v. Merchs. Ass'n Collection Div_., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages.

14.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.     Plaintiff did not expressly consent to Defendant's placement of

telephone calls to Plaintiff's cellular telephone by the use of an automatic

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's

placement of the calls.

16.     None of Defendant's telephone calls placed to Plaintiff were for

"emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

### COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.     Plaintiff incorporates Paragraphs 1 through 17.

19.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.    Damages;

   b.    Attorney's fees, litigation expenses and costs of suit; and

   c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT III**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

22.    Plaintiff incorporates Paragraphs 1 through 17.

23.    By using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

24.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit;

6

c.      declaring that Defendant's practices violate the FCCPA;

d.      permanently injoining Defendant from engaging in the complained of practices; and

e.      Such other or further relief as the Court deems proper.

**COUNT IV**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

25.    Plaintiff incorporates Paragraphs 1 through 17.

26.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      a declaration that Defendant's calls violate the TCPA;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658